```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| HAKEEM O. ALLI-BALOGUN, : | Civil No.05-4298 (FLW) |
| Petitioner, : |  |
| v. : | **OPINION** |
| JOHN NASH, : |  |
| Respondent. : |  |

**APPEARANCES**:

  HAKEEM O. ALLI-BALOGUN, #40682-053
  F.C.I. Fort Dix
  P.O. Box 2000
  Fort Dix, New Jersey 08640
  Plaintiff pro se

**WOLFSON**, District Judge

  Plaintiff Hakeem O. Alli-Balogun, a federal prisoner confined at the Federal Correctional Institution at Fort Dix, filed a Petition to review denial of his motion to reopen his application for naturalization, and to vacate a detainer lodged by the Department of Homeland Security.[1]  For the reasons expressed below, the Court denies the Petition.

### I. BACKGROUND

  Plaintiff asserts the following facts.  Petitioner alleges that he legally entered the United States from Nigeria on October 24, 1975, with a student visa.  He states that the Immigration

---

[1] Petitioner also filed an affidavit accompanied by several documents, and a memorandum of law.

and Naturalization Service ("INS") adjusted his status to that of lawful permanent resident on April 24, 1980.  Petitioner asserts that he filed a naturalization application for United States citizenship on February 4, 1992.  He alleges that on June 11, 1992, after he passed the naturalization examination, his application was approved and he swore allegiance to the United States.  Petitioner states that he was scheduled to be sworn in as a citizen by a court on August 3, 1992.

Petitioner asserts that in he received a letter dated July 9, 1992, from William S. Slattery, INS District Director, stating that the INS was reconsidering the decision to grant his application:

> Pursuant to Title 8, Code of Federal Regulations, Section 335.5, the Service proposes to reconsider the decision to grant your Application for Naturalization (Form -400); in that:  You failed to disclose that you were arrested for:
>
> 1-5212     ADICT FELON POSS FIREARM
> 2-2803     RECEIVE ETC KNOWN STOLEN PROPERTY ON JULY 15, 1976
>
> DURING YOUR INTERVIEW ON June 11, 1992.  You are hereby provided a period of 15 days from the date of this notice to establish why your application should not be denied.

(Ex. 3 to Aff. of Hakeem O. Alli-Balogun, dated Aug. 26, 2005.)

Petitioner alleges that he timely contacted the District Director and provided written documentation showing that, although he was arrested in California on July 15, 1976, no

formal charge was filed as a result of the DA's rejection of the charges. Petitioner states that he explained to the District Director that, after consulting with counsel, he understood that he did not have to report this arrest because no charges were filed. Petitioner asserts that, although he wrote several letters to the District Director and to Washington regarding the status of his naturalization application, he heard nothing further.

Petitioner alleges that, on October 8, 1992, Petitioner was arrested on federal drug charges. See United States v. Alli-Balogun, Crim. No. 92-1108 (JBW) (E.D. N.Y. filed Oct. 14, 1992). On April 5, 1994, a jury convicted Petitioner of continuing criminal enterprise, conspiracy to import heroin, and importation of heroin, see 21 U.S.C. §§ 952(a), 960, 963. Id. On March 22, 1995, Judge Jack B. Weinstein sentenced Petitioner to 30 years of imprisonment and five years of supervised release, and recommended that he be deported immediately upon release from prison and without serving the supervised release. Id. On March 18, 2002, Judge Weinstein filed an amended judgment, dismissing the continuing criminal enterprise count, and imposing a 327-month aggregate sentence on counts two, three, four and five. Petitioner asserts that he is currently serving this sentence, with a projected release date of July 5, 2016.

Petitioner alleges that on June 30, 1995, the INS lodged a notification detainer indicating that an investigation had been initiated to determine whether Petitioner was subject to deportation.  He asserts that he sent numerous letters to the INS regarding his naturalization application.  He received a letter dated January 14, 2005, from the INS in New York, accompanied by a copy of a notice scheduling a hearing on April 7, 1993, and a Decision of the District Director, dated August 6, 1993, denying his application for naturalization for lack of prosecution based on failure to appear for the April 7, 1993, interview.  (Ex. 9 to Alli-Balogun Aff.) The Decision advises Petitioner that it is "without prejudice toward the filing of a new application in the future," and that he may request a review hearing on the decision pursuant to Section 336(a) of the Act within 30 days of the date of the notice.  (Id.)  The Decision had originally been mailed to Petitioner at the address he provided to the INS (119-27B 67th Avenue, Bayside New York) but had been returned to the INS due to lack of a forwarding address.  (Id.)

Petitioner asserts that he wrote a letter to the Department of Homeland Security ("DHS") requesting that his application for naturalization be reopened.  On March 23, 2005, Howard Baum, District Adjudications Officer in New York, advised Petitioner that his naturalization application had been denied on August 6, 1993, for lack of prosecution and that his criminal conviction in

April 1994 constitutes "a lifetime bar under the Immigration and Nationality Act regarding any future application for naturalization."  (Ex. 10 to Alli-Balogun Aff.)

On February 2, 2005, Petitioner filed another application to reopen his naturalization application.  Petitioner argued that he did not receive notice of the April 7, 1993, hearing date because he was incarcerated on federal drug charges and the notice was sent to his residence.  On May 2, 2005, Mr. Baum returned Petitioner's request to reopen his application for naturalization, advising Petitioner that administrative remedies are time barred, but he could submit a new application.  (Ex. 11 to Alli-Balogun Aff.)  Petitioner submitted a second request to reopen his application for naturalization and a motion for reconsideration, both of which were rejected.  (Ex. 12 to Alli-Balogun Aff.)

Petitioner signed the Petition before this Court on August 26, 2005.  The Clerk received it on September 1, 2005.  The Petition presents three arguments:

> a)  THE SERVICE IMPROPERLY REOPENED PETITIONER'S APPROVED NATURALIZATION APPLICATION BECAUSE HE ANSWERED NO TO QUESTION #15(b) OF THE NATURALIZATION APPLICATION AND INADVERTENTLY DELAYED HIS RIGHT TO A SWEARING IN CEREMONY TO BECOME A UNITED STATES CITIZEN.
>
> b)  THE SERVICE IMPROPERLY DENIED PETITIONER'S NATURALIZATION APPLICATION FOR FAILURE TO PROSECUTE IN VIOLATION OF HIS PROCEDURAL DUE PROCESS CLAUSE OF THE FIFTH

>       AND FOURTEENTH AMENDMENTS OF THE U.S.
>       CONSTITUTION.
>
>       c)   THE SERVICE IMPROPERLY PLACED A DETAINER
>       AGAINST THE PETITIONER AS A UNITED STATES
>       NATIONAL AFTER FILING NATURALIZATION
>       APPLICATION, PASSED THE NATURALIZATION
>       EXAMINATION, PASSED THE INITIAL INTERVIEW,
>       SWORE ALLEGIANCE TO THE UNITED STATES AND
>       SCHEDULED TO BE SWORN IN TO BECOME A UNITED
>       STATES CITIZEN.

(Mem. of Law at 8, 13, 20.)

## II. DISCUSSION

Federal law provides that no person shall be naturalized unless the applicant fulfills the residency requirements and "is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." 8 U.S.C. § 1427(a); 8 C.F.R. 316.2(a). The applicant has the burden of establishing the qualifications for naturalization. See 8 U.S.C. §§ 1427(e), 1429; 8 C.F.R. 316.2(b); Berenyi v. District Director, 385 U.S. 630, 636-37 (1967).

The problem with Plaintiff's claim is that he is ineligible for citizenship as a result of his federal conviction for importation of heroin. Federal law provides that a person who has been convicted of a crime relating to a controlled substance may not be found to be a person of good moral character. See 8 U.S.C. § 1101(f)(3) (person who has been convicted of a crime relating to a controlled substance, see 8 U.S.C. §

6

1182(a)(2)(A)(i)(II), may not be found to be a person of good moral character); see also Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003).

Petitioner seeks to avoid the bar resulting from his conviction by arguing that he was not given notice of the April 7, 1993, naturalization interview, contrary to due process, because it was sent to his residence while he was incarcerated on federal charges.  This argument is not availing.  Even if Petitioner had received notice of the interview, he was not legally entitled to be naturalized on April 7, 1993, since his criminal prosecution for importing heroin was pending at that time.  See Salim, supra; Sebastian-Soler v. U.S. Attorney General, 409 F.3d 1280 (11th Cir. 2005).  Under these circumstances, this Court denies the Petition.[2]

---

[2] To the extent that Petitioner argues that he is a national of the United States, as opposed to an alien, his argument fails. The Act defines "national" as "(A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States."  8 U.S.C. § 1101(a)(22).  A person can become a "national of the United States" only through birth in a territory of the United States or full naturalization.  See Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003).

## III. CONCLUSION

The Court grants Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and dismisses the Petition.


                                               S/Freda L. Wolfson
                                               **FREDA L. WOLFSON, U.S.D.J.**

Dated:   April 19, 2006